UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS H. DE SPENZA,<br><br>Petitioner,<br><br>v.<br><br>DISTRICT ATTORNEY, LOS ANGELES COUNTY, STATE OF CALIFORNIA,,<br><br>Respondents. | No. 2:14-cv-1212 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel, has filed a document styled "Notice of Motion," in which he seeks an "order for statute enforcement" (ECF No. 1 at 1), together with a request to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Petitioner submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 1 at 2; 2.) Accordingly, the request to proceed in forma pauperis is granted.

First, while the nature of petitioner's filing is not clear, petitioner challenges the duration of his confinement because he contends that, *inter alia*, a Washington state conviction that was subsequently reversed was identified as a prior offense and used to enhance his sentence (ECF No. 1 at 5), his sentence is disproportionate to his crime (ECF No. 1 at 3), he was not provided all the time credits to which he was entitled (ECF No. 1 at 11;13), and his sentence was illegally

1  enhanced (ECF No. 1 at 11-13).  Challenges to the fact or duration of a prisoner's criminal
2  conviction must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
3  Because petitioner's challenge implicates the duration of his confinement, the court construes his
4  motion as an application for writ of habeas corpus.
5      Petitioner was convicted on March 15, 1991, in the Los Angeles County Superior Court.
6  Petitioner previously challenged the 1991 conviction by filing petitions for writ of habeas corpus
7  in the United States District Court for the Central District of California.  Despenza v. Prosper,
8  Case No. CV 07-6916 ER CT (C.D. Cal.).[1]  By order filed November 1, 2007, the district court
9  found that petitioner previously challenged the same 1991 conviction in two prior habeas
10 petitions, both of which were denied and dismissed with prejudice.  Id., ECF No. 6 at 3.
11 Petitioner was informed that the petition filed in Case No. CV 07-6916 ER CT was "a successive
12 petition subject to dismissal pursuant to 28 U.S.C. § 2244(b), absent an authorizing order from the
13 Court of Appeals."  Case No. CV 07-6916 ER CT, ECF No. 6 at 3.  Thus, to the extent petitioner
14 attempts to challenge his 1991 sentence, such challenge is also successive and must be dismissed.
15 Before petitioner can proceed with the instant challenge, he must move in the United States Court
16 of Appeals for the Ninth Circuit for an order authorizing the district court to consider the
17 challenge.  28 U.S.C. § 2244(b)(3).  Therefore, petitioner's motion, construed as an application
18 for writ of habeas corpus, must be dismissed without prejudice to its re-filing upon obtaining
19 authorization from the United States Court of Appeals for the Ninth Circuit.
20     Second, within the instant filing, petitioner makes reference to a request for injunctive
21 relief.  (ECF No. 1 at 11, 15-16.)  It appears that petitioner seeks to enjoin prison officials from
22 transferring petitioner during the pendency of his petition for writ of habeas corpus, citing "Rule
23 36."  (ECF No. 1 at 15.)  Petitioner claims that he commenced habeas proceedings on April 13,
24 2014.  (Id.)
25 ////

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1     Rule 36(1) of the Supreme Court Rules provides as follows:

> Pending review in this Court of a decision in a habeas corpus proceeding commenced before a court, Justice, or judge of the United States, the person having custody of the prisoner may not transfer custody to another person unless the transfer is authorized under this Rule.

Id. However, the court has reviewed the electronic records of the Supreme Court for the last three years and the only filing by petitioner was a petition for writ of habeas corpus filed on June 6, 2008, which was denied on October 6, 2008. In re Ross Harvey Despenza, Case No. 07-11349 (S. Ct.). There is no record of a Supreme Court filing in April of 2014,[2] and no pending habeas petition filed by petitioner in the Supreme Court at this time. Rule 36(1) requires that the habeas petition be pending in the Supreme Court in order to enjoin the prisoner's transfer. Thus, petitioner's motion for injunctive relief should be denied.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Petitioner's application to proceed in forma pauperis is granted;

    2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

    1. Petitioner's motion for injunctive relief (ECF No. 1) be denied; and

    2. This action be dismissed without prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

////

////

---

[2] The instant petition was filed on May 19, 2014, and presented to prison authorities for mailing on May 14, 2014. (ECF No. 1.) Aside from the instant case, there were no other habeas petitions pending for petitioner in the Eastern District of California as of May 28, 2014. Review of the electronic court records for the Central District of California also reflected no pending habeas petitions filed by petitioner.

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 6, 2014

/desp1212.succ

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE